AMERICAN MISSIONARY ASS'N *v.* HALL.

1. MANDAMUS—PROPRIETY—REFUSAL TO REMOVE ADMINISTRATOR.
   Mandamus will not lie to review the order of a probate judge refusing to remove an administrator.

2. FOREIGN EXECUTORS — APPOINTMENT WITH WILL ANNEXED — REMOVAL—FOREIGN COURTS—DECREES—EFFECT.
   The fact that a foreign executor, appointed executor to administer property located in this State, as authorized by the statute (3 Comp. Laws, § 9284), is thereafter removed by the court of his domicile, does not require his removal as executor here, as a matter of law.

Certiorari to Huron; Beach, J. Submitted October 4, 1904. (Calendar No. 20,657.) Decided November 29, 1904.

Mandamus by the American Missionary Association and others to compel Charles L. Hall, probate judge of Huron county, to remove an administrator. To review an order denying the writ, relators bring certiorari. Affirmed.

*George W. Radford,* for relators.

*Fred H. Aldrich,* for respondent.

MONTGOMERY, J. Mabel Crawford, a resident of Ohio, died testate. Her will was admitted to probate in the probate court of Lucas county, Ohio, on May 23, 1891. William R. Stafford was appointed executor by that court.

As the testatrix left a large estate in Michigan, proceedings were had in Huron county to have her will admitted to probate there. On May 17, 1893, the will was admitted to probate by the probate court of Huron county, and William R. Stafford was granted letters testamentary, under section 9284, 3 Comp. Laws.

In May, 1900, the probate court of Lucas county, Ohio, removed Stafford from his trust. In June, 1903, an ap-

plication was made by relators to the probate court of Huron county (the respondent acting as judge of that court) to remove Stafford as executor in this State. This application was based wholly upon a showing of his removal by the Ohio court. The respondent, being of the opinion that he was not precluded by the decision of the Ohio court from exercising his own judgment, denied the application of the relator. No appeal was taken, but, after the time for appeal had elapsed, an application was made to the circuit court to compel the probate judge to revoke the appointment of Stafford. This application was denied, and the present proceeding is certiorari to review the decision of the circuit court.

We do not think mandamus the proper remedy. The probate judge, having jurisdiction to consider and decide the question presented, did so in the regular way. If he erred, appeal was the proper remedy. If the remedy by mandamus was open, we would be wholly unable to assent to the broad contention of relators' counsel that the action of the probate court of Ohio was conclusively binding upon the Michigan court. Administration of estates lying within this State is not committed by our law to foreign tribunals. Under section 9284, the courts of this State are given authority to exercise a discretion in the appointment of an executor or administrator with the will annexed. If the court may appoint, it may retain. It is a startling proposition that a foreign court may interfere to remove an officer of our courts, or an appointee of such court, to a position of trust. If such foreign court has not this power, it cannot indirectly cause such removal by making an order which shall bind the court. True, we are bound to give full faith and credit to the determinations of the Ohio tribunal. We are not, however, required to permit the courts of a sister State to determine matters committed by the law to our jurisdiction. While the administration in this state is ancillary, it is independent.

The order of the circuit court is affirmed, with costs.

The other Justices concurred.